IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-162-FL

| | |
|---|---|
| JOYCE DOBBINS WYNNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 39, 41). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered memorandum and recommendation ("M&R") (DE # 45) wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objections to the M&R, to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

On September 22, 2008, plaintiff filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), alleging a disability onset date of January 1, 2008. The application was denied initially and again upon reconsideration, and a request for hearing was timely filed.

Hearing was held before Administrative Law Judge ("ALJ") Edward Bowling on April 28,

2010. Plaintiff was represented by counsel, and a vocational expert testified. On June 4, 2010, the ALJ issued a decision denying plaintiff's request for benefits. The Appeals Council denied plaintiff's request for review on February 25, 2011. Plaintiff filed her complaint in this court on April 7, 2011, seeking review of the final administrative decision.

A detailed summary of the procedural and factual history of the case is found in the M&R. See M&R 3-7. Where plaintiff does not object to this portion of the M&R, the factual history of the case as set forth in the M&R is incorporated here by reference.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

B. Analysis

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: degenerative disc disease, hypertension, ischemia, and bilateral shoulder pain. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations.

3

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform unskilled light work with the following limitations: only occasional overhead reaching, occasional climbing of ramps or stairs, no climbing ropes, ladders, or scaffolds, and no concentrated exposure to hazards. At step four, the ALJ determined that plaintiff could not perform her past relevant work, but determined at step five that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. In so finding, the ALJ found that "the claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the . . . residual capacity assessment." (Tr. 18).

Plaintiff objects to the M&R on the basis that the ALJ improperly found that plaintiff's subjective complaints were not credible. Plaintiff specifically objects to three determinations made by the ALJ as part of his credibility determination: the level of pain experienced by plaintiff, the ability of plaintiff's medication to control her pain, and the severity of her heart disease. For the reasons discussed below, the court finds the ALJ's credibility assessment was supported by substantial evidence and overrules plaintiff's objection.

The court is not permitted to make credibility assessments, but must instead determine if the ALJ's credibility assessment is supported by substantial evidence. Craig, 76 F.3d at 589. An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (unpublished) (citing Craig, 76 F.3d at 591-96). Here, the ALJ found such

4

impairments, and no error is alleged with respect to the first step. "Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Id. The ALJ must consider the entire record in making this determination, and may not discredit a claimant's testimony regarding the intensity and persistence of her symptoms solely because the objective medical evidence does not substantiate that testimony. See 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." Id.

    1. The ALJ's findings regarding plaintiff's pain level were supported by substantial evidence

Plaintiff first objects that the ALJ's credibility determination regarding the level of plaintiff's pain is not supported by substantial evidence but is instead based on a lack of objective evidence of pain. The court disagrees and finds the ALJ considered the entire record in making his determination. As a part of this analysis the ALJ noted that objective medical tests failed to show any significant abnormalities. (Tr. 21). He also considered and specifically referred to: plaintiff's description of her activities and lifestyle (such as working up to 50 to 60 hours per week at a truck stop) (Tr. 19); the fact that she received conservative treatment instead of surgical intervention for her pain (See e.g., Tr. 21, 330, 361, 373); the reports of her doctors and the findings made on her examination (such as her normal gait, and ability to tandem walk) (Tr. 20-21, 290); her statement that her medications helped her pain. (Tr. 21, 44, 47); and other evidence. The ALJ found all of this evidence to be inconsistent with her testimony regarding the level of pain she was experiencing.

The ALJ's finding was grounded in the evidence after consideration of the entire case record, not just objective evidence of pain. He provided specific reasons for his credibility finding with

5

respect to plaintiff's pain. Thus, the ALJ's findings regarding plaintiff's pain were supported by substantial evidence.

    2.    The ALJ's finding regarding the effectiveness of plaintiff's pain medication was supported by substantial evidence

Plaintiff objects, second, to the ALJ's finding that plaintiff's medication helped her pain. (Tr. 21). Plaintiff refers to the last treatment note regarding her medication adjustment which states that "[h]er tramadol [sic] is not working for her pain." (Tr. 446). As the magistrate judge has already stated in his M&R, the ALJ specifically referred to the treatment note regarding her Tramadol no longer working, and noted that as a result she was prescribed Flexeril and Darvocet for her pain. (M&R 15; Tr. 20; Tr. 446). As the magistrate judge also noted, after these new prescriptions there is no record of her returning to seek additional treatment for her pain. M&R 15. Furthermore, plaintiff testified that "the combinations of medicine, it helps the pain." (Tr. 47). Thus the ALJ properly relied on plaintiff's report that "the medications she was prescribed had helped her pain." (Tr. 21). The court finds there was substantial evidence supporting the ALJ's finding that plaintiff's pain was controlled by her medication.

    3.    The ALJ's findings regarding the severity of plaintiff's heart disease were supported by substantial evidence

Plaintiff's final objection is to the ALJ's findings regarding the severity of plaintiff's heart disease. Plaintiff asserts the ALJ found plaintiff's statements regarding her heart disease to not be fully credible based upon the fact that she did not need "surgical intervention for her ischemia, such as angioplasty." (Tr. 21). Plaintiff points out that angioplastic surgery is not used to treat hypertensive ischemia. Therefore she asserts the ALJ's credibility assessment is based on incorrect

grounds and must be remanded.

The ALJ's intent in mentioning the fact plaintiff did not require angioplastic surgery is somewhat ambiguous. One likely purpose of the ALJ's reference to this fact to merely give a summary of her medical history - which included a finding of no significant coronary artery disease - not commentary on the severity, of her hypertensive ischemia. (Tr. 336). This was the meaning found by the magistrate judge. M&R 15.

Plaintiff asserts the ALJ mentioned that plaintiff did not require angioplastic surgery as evidence her condition was not as serious as she claimed. This is also a possible, albeit less likely, reading of the ALJ's statement. Even assuming, *arguendo*, the ALJ improperly mentioned that plaintiff did not need surgery as evidence of the mildness of her hypertensive ischemia, his determination that plaintiff was not fully credible regarding her heart disease was still supported by substantial evidence.

In discussing the severity of plaintiff's heart condition, the ALJ considered many pieces of evidence. He noted plaintiff was maintained on the same medications since October, 2009. (Tr. 21). He examined her daily activities, and found her reported ability to "cook meals, make her bed, do laundry and go shopping" inconsistent with her statements regarding the severity of her condition. (Tr. 21, 289). Her reported activities such as mowing her lawn and walking were similarly inconsistent. (Tr. 21, 41, 452). He also considered her statement that she sometimes took on extra shifts and worked up to sixty (60) hours in a week while employed part-time at a truck stop in 2008. (Tr. 21, 37). Plaintiff even stated that had a full-time position at the truck stop been available, she would have taken it. (Tr. 21, 30-31). All of this evidence tended to show plaintiff's condition was not as severe as she claimed. Therefore, even if plaintiff is correct that the ALJ erroneously

7

considered the import of the fact that plaintiff did not require angioplastic surgery, his determination was still supported by substantial evidence.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 41), DENIES plaintiff's motion for judgment on the pleadings (DE # 39), and affirms the final decision of the Commissioner. The clerk is directed to close this case.

SO ORDERED this the 18th day of September, 2012.

LOUISE W. FLANAGAN
United States District Judge

8

Case 5:11-cv-00162-FL   Document 49   Filed 09/18/12   Page 8 of 8